## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BATSAIHAN PURVEEGIIN,** | : |
| | : |
| **Plaintiff,** | : **CIVIL NO. 3:CV-07-0593** |
| | : |
| **vs.** | : **(JUDGE VANASKIE)** |
| | : |
| **JANINE DONATE, et al.,** | : |
| | : |
| **Defendants.** | : |

## M E M O R A N D U M

I.     **Introduction**

       Plaintiff, Batsaihan Purveegiin, formerly a detainee of the United States Bureau of

Immigration and Customs Enforcement (BICE) at the Lackawanna County Prison,

Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983.  He commenced the

action following his removal by BICE to Mongolia.  Along with his complaint, he submits an

application to proceed in forma pauperis in this action.[1]  (Dkt. Entry 2.)  Named as Defendants

are various officials and employees at the Lackawanna County Prison, Pennsylvania, as well as

---

       [1] Plaintiff is no longer a prisoner and resides in Mongolia.  When he filed this action he
submitted an outdated prisoner in forma pauperis application (Dkt. Entry 2) and attached
thereto a prison account balance statement dated December 21, 2006.  In an effort to move the
case along, the Court will screen the complaint prior to making a determination on the filing fee
issue. Plaintiff will be directed to either submit the full filing fee of $350.00 or complete the
attached non-prisoner in forma pauperis form.  If he fails to do so within the specified time
period, this action will be dismissed without prejudice.

individuals who appear to be either prison or deportation officials in Berks County, Pennsylvania and Perry County, Alabama.  Plaintiff also names as a defendant the BICE Field Office Director for Philadelphia.

Too say that the complaint is confusing and difficult to follow is an understatement. Plaintiff first appears to set forth claims of inadequate medical care, denial of access to the courts, cruel and unusual living conditions and mail tampering arising at the Lackawanna County Prison during the time period between December of 2006 and February of 2007.  While unclear, he also appears to seek damages against various immigration defendants for falsifying paperwork related to his removal to Mongolia.  For the reasons that follow, the court concludes that the complaint submitted does not satisfy the requirements of the Federal Rules of Civil Procedure.  The complaint will be dismissed without prejudice, and Plaintiff will be afforded the opportunity to file an amended complaint that must comport with the requirements of the Federal Rules.  Failure to do so will result in the dismissal of this case.

## II.   Discussion

The Court is statutorily required to review the complaint of a plaintiff seeking to proceed in forma pauperis prior to service of process under 28 U.S.C. § 1915(e).  This applies equally to prisoner as well as nonprisoner in forma pauperis cases.  See Newsome v. Equal Employment Opportunity Commission, 301 F.3d 227, 231-33 (5th Cir. 2002); Cieszkowska v. Gray Line New York, 295 F.3d 204, 205-06 (2d Cir. 2002); Powell v. Pastir, et al., Civil Action No. 1:07-1408,

slip op. at 1 (M.D. Pa. August 13 ,2007)(Kane, C.J.).

Plaintiff is proceeding pro se, and such parties are accorded substantial deference in federal court.  Haines v. Kerner, 404 U.S. 519 (1972); Hughes v. Rowe, 449 U.S. 5 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 20, titled Permissive Joinder of Parties, in pertinent part, reads:

> (a) Permissive Joinder.  All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.  A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded.  Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Fed. R. Civ. P. 20(a).

Plaintiff's complaint names thirteen (13) defendants and contains numerous unrelated claims concerning various and unconnected matters, such as inadequate medical care, mail tampering, and Plaintiff's removal to his native Mongolia.  The claims against Defendants do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and they lack a question of law or fact common to all defendants. In fact, the claims concern Defendants from at least three (3) different counties.

Rule 20 is a flexible rule that allows for fairness and judicial economy.

> Rule 20(a) permits joinder in a singe action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact.  The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.

7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1652 at 371-72 (1986).  "Instead of developing one generalized test for ascertaining whether or not a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, the courts . . . have adopted a case by case approach."  Id., § 1653 at 382.  When the district court decides whether the particular facts warrant joinder, its decision is subject to review only for abuse of discretion.  Chicago, Rock Island & Pac. R.R. Co. v. Williams, 245 F.2d 397, 404 (8th Cir. 1957), cert. denied, 335 U.S. 885 (1957).

In United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966), the Supreme Court held that "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."  United Mine Workers of America, 383 U.S. at 724.  "Consistent with this policy, the transaction and common question requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy."  King v. Ralston Purina Co., 97 F.R.D. 477, 479-80 (W.D. N.C. 1983); see also Lewis v. City of Los Angeles, 5 Fed.Appx. 717, 718 (9th Cir. 2001).

The policy of liberal application of Rule 20, however, is not a license to join any and all claims and defendants in one lawsuit:

> Permissive joinder is not, however, applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action.

Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

Plaintiff's claims share neither common legal issues nor common facts, and accordingly they are inappropriate for joinder under Rule 20. While the complaint as drafted is disjointed and confusing, there is no question that many of the allegations set forth by Plaintiff are unrelated and do not satisfy the elements of joinder.

Accordingly, the complaint is subject to <u>sua</u> <u>sponte</u> dismissal by the Court for failure to comply with Rule 20. Such dismissal will be ordered with leave to file an amended complaint. <u>See</u> Salahudin v. Cuomo, 861 F.2d 40 (2d Cir. 1988). Plaintiff is advised that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the complaint already filed. Young v. Keohane, 809 F.Supp. 1185 (M.D. Pa. 1992). Such amended complaint should set forth Plaintiff's claims in short, concise and plain statements, and in sequentially numbered paragraphs. It should specify which actions are alleged as to which Defendants, with specificity as to time; it should be signed; and it should set

forth a specification of the relief sought.  Further, the claims set forth in the amended document should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants.  If Plaintiff fails to timely file an amended complaint adhering to the standards set forth above, this action will be dismissed.  An appropriate Order is attached.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BATSAIHAN PURVEEGIIN,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL NO. 3:CV-07-0593** |
| | : | |
| **vs.** | : | **(JUDGE VANASKIE)** |
| | : | |
| **JANINE DONATE, <u>et</u> <u>al.</u>,** | : | |
| | : | |
| **Defendants.** | : | |

**O R D E R**

      **NOW, THEREFORE, THIS 5th DAY OF NOVEMBER, 2007,** for the reasons set forth

in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

    1.    Within thirty (30) days from the date of this Order, Plaintiff shall either submit
the required $350.00 filing fee or a completed nonprisoner application to
proceed <u>in</u> <u>forma</u> <u>pauperis</u>.  The Clerk of Court is directed to provide Plaintiff
with the nonprisoner <u>in</u> <u>forma</u> <u>pauperis</u> form.  The failure to timely submit either
the fee or the form will result in the dismissal of this action without prejudice.

    2.    Plaintiff's complaint is dismissed for failure to comply with the Federal Rules of
Civil Procedure.

    3.    Within thirty (30) days from the date of this Order, Plaintiff may file an amended
complaint in accordance with the Federal Rules of Civil Procedure.  Failure to
submit an amended complaint in accordance with the attached Memorandum
will result in the closure of this case.

                                   **s/ Thomas I. Vanaskie**        
                                   Thomas I. Vanaskie
                                   United States District Judge